IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TRUSTED TRANSPORTATION SOLUTIONS, LLC,<br><br>                 Plaintiff,<br><br>   v.<br><br>GUARANTEE INSURANCE COMPANY, et al.,<br><br>                 Defendants. | Civil No. 16-7094 (JS) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

    This matter is before the Court on the request to stay the entire case filed by defendants Brown & Brown of New Jersey, LLC and John F. Corbett. (Hereinafter collectively referred to as B & B unless otherwise noted.) The Court received extensive briefing [Doc. Nos. 74, 75, 76, 77, 80, 81] and held oral argument via telephone conference call. For the reasons to be discussed, B & B's request to stay the case is DENIED.[1]

<u>Background</u>

    Plaintiff's complaint was originally filed in New Jersey State Court on September 15, 2016 and was removed to federal court on February 13, 2016. The complaint named as defendants Guarantee Insurance Company ("Guarantee"), Patriot Underwriters,

---

[1] To the extent plaintiff argues Fed. R. Civ. P. 11 sanctions are appropriate against B & B, the request is summarily denied. The Court finds B & B had a good faith basis to request a stay in view of the current procedural posture of the case.

1

Inc. ("Patriot") and Douglas Cook ("Cook"). (Hereinafter collectively referred to as "Insurer Defendants"). Cook was employed by Patriot and worked as its Marketing Representative. Complaint ¶4. Plaintiff's complaint alleges that in or about March 2015, the Insurer Defendants offered it the opportunity to participate in a "Large Deductible" Worker's Compensation Insurance Program. Id. ¶¶5-7. Plaintiff was allegedly told the deductible amount for the program was $250,000, a Loss Fund would be set up with a contribution of $650,000, and that no administrative fees would be taken out of the Loss Fund. Id. ¶¶8-11. The effective date of the Program was April 3, 2015. Id. ¶16. Plaintiff signed a Term Sheet and was told the premium would be $303,228.00. Id. ¶¶17-18. Plaintiff claims the Insurer Defendants made unauthorized deductions from the Loss Fund, its premium payment was higher than represented, and some claims may have been improperly paid. In addition, plaintiff claims it did not execute or receive the Program Agreement that was referenced in the Term Sheet. Plaintiff's six-count complaint asserts claims under the Consumer Fraud Act, common law fraud, breach of contract, violation of the covenant of good faith and fair dealing, breach of fiduciary duty and conversion. The Insurer Defendants answered the complaint on October 19, 2016 [Doc. No. 5] and denied all liability allegations.

Plaintiff filed an amended complaint on May 8, 2017 [Doc. No. 38] adding B & B and Corbett as defendants. Corbett was employed by B & B. Plaintiff alleges B & B assisted plaintiff in obtaining worker's compensation insurance. Am. Cpt. ¶¶84-85. Plaintiff alleges B & B and Corbett failed to exercise reasonable care when they obtained worker's compensation insurance and they failed to fully investigate the proposal provided by Guarantee and Patriot. Id. ¶¶88-89. Plaintiff contends "[the] policy which was procured by B & B and Corbett was materially deficient, void, and did not provide the terms requested by plaintiff." Id. ¶90. As a result, plaintiff contends it suffered and continues to suffer damages. Id. ¶91. Plaintiff alleges B & B breached its fiduciary duty, breached a special relationship and committed common law fraud. Plaintiff clarified at oral argument it will claim the Insurer Defendants sent the Program Agreement to Corbett who failed to give it to plaintiff. If true, this is a critical fact in the case because the Program Agreement apparently contains the payment terms by which Patriot administered plaintiff's insurance. Plaintiff is challenging the terms in the Program Agreement on the ground it did not sign the Agreement when it agreed to its insurance program. Indeed, plaintiff alleges it did not even see a copy of the Agreement. Plaintiff further clarified at oral argument it will argue B & B misstated or misrepresented the premium it

3

would pay and B & B did not obtain the policy B & B told plaintiff it would get.

The Insurer Defendants answered the amended complaint on May 19, 2017 [Doc. No. 41] and asserted cross-claims for common law contribution and indemnity. They also asserted contractual indemnity claims against B & B and Corbett. B & B's motion to dismiss Counts 1 – 4 and 8 – 10 of plaintiff's amended complaint [Doc. No. 46] remain to be decided.

On November 27, 2017, a "Consent Order Appointing the Florida Department of Financial Services as Receiver of Guarantee Insurance Company for Purposes of Liquidation, Injunction and Notice of Automatic Stay" was filed in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida [Doc. No. 68]. Pursuant to paragraph 43 of the Order, all judicial actions against Guarantee are stayed.[2] On January 30, 2018, Patriot filed a Voluntary Petition for Chapter 11 Bankruptcy. [Doc. No. 77]. As a result of these developments, the parties agree that at present plaintiff's claims against all defendants are stayed except for B & B.[3] Before B & B was named

---

[2] To the extent the argument is made, the Court disagrees the Order stays the case against Patriot or Cook. Paragraph 43 provides the stay provision applies to actions against "the insurer or against its assets or any part thereof." The insurer is Guarantee, not Patriot or Cook.

[3] Although Cook did not file for bankruptcy, the automatic stay is still applicable to him. The Third Circuit has held the automatic stay applies not only to debtor defendants, but to any other defendants whose interests are such that a judgment

in the case the depositions of Cook, Patriot's head of claims (Hoen), and plaintiff' principal (Davis) were taken. Corbett has not been deposed.

B & B requests the entire case be stayed until the Insurer Defendants are no longer subject to the stay in their liquidation and bankruptcy proceedings. B & B argues it is prejudiced unless the case is stayed because it "cannot depose Defendants Patriot, Guarantee, or their employees, including Defendant Cook, nor can it call them to testify at trial." December 20, 2017 Letter Brief ("LB") at 2, Doc. No. 75.[4] The root of B & B's concern is that plaintiff's claims against B & B are "inextricability intertwined with [plaintiff's] claims against the Insurer Defendants." Id. B & B argues, therefore, it "cannot adequately prepare a defense to Plaintiff's claims or the Insurer Defendants' crossclaims without the participation of the Insurer Defendants." Id. at 4. B & B also argues it will suffer undue burden and expense if the case is not stayed because it will then have to participate in "three or more

---

against them will essentially result in a judgment or finding against the debtor defendant. McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 510 (3d Cir. 1997). Since Cook was Patriot's marketing representative, a judgment against Cook will essentially be a finding against Patriot.
[4] According to B & B, it cannot conduct discovery because of the automatic bankruptcy stay. Id. at 5. The Court is assuming B & B is also arguing discovery directed to Guarantee is stayed because of Florida's November 27, 2017 Order.

separate and duplicative actions as a litigant or subpoenaed third-party." Id. at 3.[5]

In sum, B & B argues the interests of fairness and justice will be served by granting a stay, plaintiff will not be prejudiced by a stay, B & B and third parties will be prejudiced if the case is not stayed, staying the case will promote the efficient use of judicial resources, and the public interest will be served by staying the case.

Plaintiff opposes B & B's stay request. The crux of plaintiff's argument is that the claims against B & B and Corbett are separate and independent from the claims against the Insurer Defendants. Plaintiff argues the primary claim against B & B is based on broker malpractice, breach of fiduciary duty, breach of special relationship and fraud, while the claims against the Insurer Defendants arise under the New Jersey Consumer Fraud Act and breach of contract. Plaintiff argues, therefore, B & B is not prejudiced because it can take relevant discovery from the Insurer Defendants. In addition, plaintiff argues the automatic bankruptcy stay does not apply to B & B. Not surprisingly, plaintiff also argues it will be prejudiced by a stay and B & B will not be prejudiced by a stay.

---

[5] The three actions are: (1) plaintiff's affirmative claims against B & B, (2) plaintiff's affirmative claims against the Insurer Defendants, and (3) the Insurer Defendants' crossclaims against B & B and B & B's crossclaims against the Insurer Defendants.

Discussion

1. <u>The Automatic Bankruptcy Stay Does Not Apply to B & B</u>

To the extent the argument is made, the Court finds the automatic bankruptcy stay does not apply to B & B. Absent "unusual circumstances" Section 362(a)(1) only stays actions against the debtor and may not be invoked by solvent codefendants, even if they are in a similar legal or factual nexus with the debtor. <u>Travelodge Hotels, Inc. v. Patel</u>, C.A. No. 13-03719 (WHW), 2013 WL 4537906, at *5 (D.N.J. Aug. 27, 2013) (citing <u>McCartney v. Integra Nat. Bank N.</u>, 106 F.3d 506, 509-10 (3d Cir. 1997)); <u>see</u> <u>also</u> <u>Maritime Elec. Co. v. United Jersey Bank</u>, 959 F.2d 1194, 1205 (3d Cir. 1991). The Third Circuit has identified two "unusual circumstances" in which an automatic stay may be extended to non-debtor parties: (1) where the debtor is the real party in interest such that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor and (2) where stay protection is essential to the debtor's reorganization efforts. <u>McCartney</u>, 106 F.3d at 510. These two recognized exceptions accomplish the same goal as the automatic stay protecting the debtor during pendent bankruptcy proceedings. <u>Stanford v. Foamex L.P.</u>, C.A. No. 07-4225, 2009 WL 1033607, at *4 (E.D. Pa. Apr. 15, 2009) ("[T]he 'unusual circumstances' exception is geared toward protecting *the debtor* during the pendency of the debtor's bankruptcy

7

proceeding")(emphasis in original). Absent unusual circumstances "[m]ultiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross-claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." Maritime Elec. Co., 959 F.2d at 1204-05.

"Unusual circumstances" do not exist here to warrant staying the case against B & B pursuant to Section 362 (a)(1). B & B and Patriot are separate legal entities and plaintiff asserts separate theories of liability against them. Plaintiff's claims against B & B are grounded in malpractice while the claims against Patriot are grounded in fraud and breach of contract. Thus, Patriot is not the real party in interest insofar as plaintiff's claim against B & B is concerned. Further, as will be touched on infra, the Court rejects the argument that plaintiff's case against B & B will interfere with the Insurer Defendants' reorganization efforts.

2. B & B's Request for a Discretionary Stay is Denied

Although the Court holds that "unusual circumstances" do not exist to warrant a stay pursuant to Section 362, that does not end the Court's analysis. Even if a stay is not required by the bankruptcy statute, the Court still has discretion to stay the case. See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an

8

incident to its power to control its own docket.") The court may "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." Akishev v. Kapustin, 23 F. Supp. 3d 440, 446 (D.N.J. May 28, 2014) (citations omitted) (quoting Bechtel Corp. v. Local 215, Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976)). The moving party bears the burden of demonstrating a stay is warranted. Hertz Corp. v. Gator Corp., 250 F. Supp. 2d 421, 424–25 (D.N.J. 2003). In determining whether to grant a stay courts consider a number of factors, including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. Akishev, 23 F. Supp. 3d at 446.

It is well settled a court has discretion to stay a case if the interests of justice require. U.S. v. Kordel, 397 U.S. 1, 12 n.27 (1970). However, the stay of a civil proceeding is an extraordinary remedy. Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998). When deciding whether to stay an action the court must "weigh competing interests and maintain an even balance." Landis v. N. Am. Co.,

299 U.S. 248, 255 (1936). The court should consider whether the stay would prejudice the non-moving party and if it would further the interest of judicial economy. See Ford Motor Credit Co. v. Chiorazzo, 529 F. Supp. 2d 535, 542 (D.N.J. 2008)(denying motion to stay, finding that plaintiff would be prejudiced); see also Gerald Chamales Corp. v. Oki Data Americas, Inc., 247 F.R.D. 453, 457 (D.N.J. 2007) (denying motion to stay discovery, finding that non-moving party would be prejudiced). As noted, the burden is on the party requesting the stay to "make out a clear case of hardship or inequity in being required to go forward[.]" Landis, 299 U.S. at 255. The moving party "must state a clear countervailing interest to abridge a party's right to litigate." CTF Hotel Holdings, Inc. v. Marriot Int'l, Inc., 381 F.3d 131, 140 (3d Cir. 2004) (denying stay and finding no hardship where moving party argued it would be forced to defend itself twice).

After weighing the parties' competing interests, the Court finds the weight of the evidence falls in favor of denying B & B's request for a stay. With respect to the first factor to consider, whether plaintiff will be prejudiced by a stay, the Court finds a stay will unduly prejudice and disadvantage plaintiff. If a stay is granted plaintiff's efforts to promptly and efficiently prosecute its case would be hampered. There is no question that a stay would substantially delay plaintiff's

efforts to "diligently proceed to sustain [its] claim." Forrest v. Corzine, 757 F. Supp. 2d 473, 479 (D.N.J. 2010) (citation omitted). This prejudices plaintiff. Golden Quality Ice Cream Co., Inc. v. Deerfield Specialty Papers, Inc., 87 F.R.D. at 53, 56 (E.D.Pa. 1980)("Any plaintiff in the federal courts enjoys the right to pursue his [or her] case and to vindicate his [or her] claim expeditiously"); accord Gold v. Johns-Manville Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983) (denying request for a stay even though the main defendant filed for bankruptcy and stating: "[i]n these cases, the clear damage to the plaintiffs is the hardship of being forced to wait for an indefinite and, if recent experience is any guide, a lengthy time before their causes are heard").

Plaintiff is prejudiced by a stay because any significant delay in the case could hinder its ability to prove its case. See Clinton, 520 U.S. at 707-08 ("[D]elaying trial would increase the danger of prejudice resulting from the loss of evidence including the inability of witnesses to recall specific facts, or the possible death of a party"); New York v. Hill, 528 U.S. 110, 117 (2000) ("Delay can lead to a less accurate outcome as witnesses became unavailable and memories fade"); Worldcom Techs., Inc. v. Intelnet Int'l, Inc., C.A. No. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002) ("Motions to stay discovery are not favored because when discovery is delayed or

prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems")(citation omitted); In re Health Mgmt., Inc., C.A. No. 96-0889 (ADS), 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 15, 1999) ("The ability of courts to avoid undue delay is essential to assur[e] that justice for all litigants be neither delayed nor impaired") (citation omitted). It is not insignificant that if B & B's stay request is granted the case will likely be stayed for an indefinite period. Giving B & B the benefit of the doubt, a reasonable estimate can probably be made as to when Patriot's bankruptcy will wind down. However, no reasonable prediction can be made as to when Guarantee's insolvency proceedings will be completed. Plaintiff should not have to wait until an indefinite time in the future to pursue a complaint it filed in September 2016. The case has already been inordinately delayed. In addition, the Court rejects B & B's argument that since plaintiff is only suing for money it will not be prejudiced by a stay. There is no legal support for this argument. Thus, the Court finds that the first relevant factor to consider when it decides whether to stay the case weighs in favor of denying B & B's request for a stay.

With respect to the second factor, B & B has not demonstrated that denying its request for a stay would create

"clear hardship" or "inequity" Landis, 299 U.S. at 255 (absent a "clear case of hardship or inequality" a stay may not be issued if there is "even a fair possibility" that a stay would work damage on another party); Akishev, 23 F. Supp. 3d at 447 (citing Actelion Pharm. Ltd. v. Apotex Inc., C.A. No. 12-5743 (NLH/AMD), 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013)).

The crux of B & B's argument is that it will be prejudiced if the case progresses because the automatic stay applicable to the Insurer Defendants makes it "impossible" to conduct the discovery it needs to defend the case. The Court is not convinced this is the case. First, B & B can, of course, direct relevant discovery to plaintiff. Second, the Court recognizes there is a split of authority as to whether discovery directed to the bankrupt Insurer Defendants is barred because of the statutory bankruptcy stay. Compare plaintiff's January 8, 2018 LB at 9-10, Doc. No. 76 and February 12, 2018 LB, Doc. No. 80, with B & B's February 12, 2018 LB at 2-8, Doc. No. 81. Third, there is no definitive Third Circuit law on the issue. Therefore, it remains to be seen if a bankruptcy court will grant B & B leave to take discovery from the Insurer Defendants.[6]

The Court is not unsympathetic to B & B's argument that if it cannot re-depose Cook and other important representatives of

---

[6] The same is true as to Guarantee. The parties do not presently know if discovery directed to Guarantee is barred by Florida's November 27, 2017 Order.

Guarantee and Patriot, that it will be prejudiced. If in fact this is the case, B & B can make another application to stay the case. The Court deems it inappropriate to assume B & B will not be able to take discovery from the Insurer Defendants in the absence of definitive controlling case law on the issue and a good faith attempt to take the discovery.[7] If B & B takes the discovery it needs it will be able to present its defense at trial. In that event if B & B wants to it can "point the finger" at the Insurer Defendants. Despite the unfortunate position of the Insurer Defendants, if B & B gets the discovery it needs it will still have available to it all of its defenses. B & B's defenses have not been waived or stayed.[8]

B & B argues it is prejudiced if its stay request is denied because of the burden and expense it will endure because of "duplicative and overlapping cases on the same subject matter." December 20, 2017 LB at 3. However, the possibility of multiple proceedings regarding a similar subject matter is not an unusual occurrence. As noted, the Third Circuit has stated: "within a

---

[7] B & B is concerned because it has allegedly been threatened with a sanctions motion if it requests approval from the bankruptcy court to depose the Insurer Defendants. In view of the current state of the case law and this Order, the Court is hard pressed to believe a viable sanctions motion can be filed.

[8] As the party requesting discovery the Court expects B & B to seek leave from the applicable bankruptcy or other court to take discovery from Patriot, Cook and /or Guarantee. The Court assumes B & B will take the necessary steps to assure it complies with all applicable procedures and Court Orders.

single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." Maritime Elec. Co., 959 F. 2d at 1205; see also Lynch v. Johns-Manville Sales Corp., 710 F.2d 1194, 1199 (6th Cir. 1983) ("[D]uplicative or multiple litigation which may occur is a direct by-product of bankruptcy law. As such, the duplication, to the extent that it may exist, is congressionally created and sanctioned").

The Court disagrees with B & B's argument that plaintiff's liability claim against it is inextricably intertwined with the Insurer Defendants, and it is unfair to consider its liability in the absence of these defendants. The Court also disagrees with B & B's notion that it is "impossible to extricate" (see February 12, 2018 LB at 7) the liability of B & B from the Insurer Defendants. Instead, the Court agrees with plaintiff that there are separate and independent claims asserted against B & B and Corbett that are not asserted against the Insurer Defendants. It is, of course, true that there is an overlap of relevant facts vis-à-vis the potential liability of the Insurer Defendants and B & B. However, by no means is the liability of the parties co-extensive. The factfinder can determine one

defendant is liable and not another. This is true because plaintiff is not asserting vicarious liability theories against B & B. Instead, plaintiff is asserting that B & B is independently liable for its losses. At this time, the Court is not aware of any limitation on B & B's ability to defend itself with relevant evidence, witnesses and documents. This is true even if the Insurer Defendants are not parties at trial. No persuasive evidence presently exists to indicate that B & B is prevented from presenting a fulsome defense at trial.

B & B overstates the alleged prejudice and burden to the Insurer Defendants if the case is not stayed. In addition, no persuasive evidence has been presented that the continuation of this lawsuit will interfere with the Insurer Defendants' reorganization efforts. This is true because depositions of Patriot and Cook have already been taken, written discovery has been answered, and relevant documents have been produced. If B & B is permitted to direct discovery to the Insurer Defendants, the Court does not expect the discovery to be burdensome or extensive.

The third factor the Court considers when deciding whether to grant a stay is whether a stay would simplify the issues and trial of the case. The Court finds simplification will not occur if a stay is imposed. Instead, by permitting plaintiff's case to proceed just against B & B and Corbett, the case will be

immeasurably simplified compared to what will happen if plaintiff also proceeds against the Insurer Defendants. Given the procedural developments in the case, it is now plain the focus of plaintiff's ire is on B & B and Corbett. Plaintiff is contending that even though Corbett had a copy of the Program Agreement, he did not give plaintiff a copy. Plaintiff also alleges B & B and Corbett misrepresented material facts regarding their insurance coverage. Given the current posture of the case, the factfinder will now be able to focus on these key issues rather than being distracted by the separate and independent allegations directed to the Insurer Defendants.

The last relevant factor the Court evaluates to decide whether a stay is appropriate is whether discovery is complete and/or a trial date has been set. The Court considers this factor to be neutral. Although discovery is not complete, much has been taken to date. As noted, if B & B takes additional discovery the Court does not expect it to be extensive or burdensome. In addition, although a trial date has not been set, the Court expects the parties will shortly complete discovery so that a trial date can be set in the not too distant future.[9]

---

[9] The Court does not agree with B & B that there is a material public interest in staying the case. The Court also does not agree the record in the case demonstrates that third parties will be materially burdened and prejudiced if a stay is not entered. This is pure conjecture. In addition, the Court rejects the notion that the floodgates of litigation will be opened against the Insurer Defendants if the Court does not Order a

Conclusion

After weighing the evidence and equities, and after evaluating the balance of hardships, the Court finds that the scale weighs in plaintiff's favor. For all the reasons discussed herein, therefore, the Court will deny the request of B & B and Corbett to stay the entire case.

O R D E R

Accordingly, it is hereby ORDERED this 11th day of May, 2018, that the request of B & B and Corbett to stay the case is DENIED. The Court will shortly enter an Amended Scheduling Order setting new deadlines to complete discovery; and it is further

ORDERED that to the extent not already done, plaintiff shall promptly share with B & B and Corbett at its own expense copies of all relevant discovery not already in their possession; and it is further

ORDERED plaintiff's request for sanctions is DENIED.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge

Dated: May 11, 2018

---

stay. The Court is only addressing the present case and not any other litigation that may or may not be filed against the Insurer Defendants. B & B has not brought to the Court's attention any other request to take discovery from the Insurer Defendants.