IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTED TRANSPORTATION SOLUTIONS, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>GUARANTEE INSURANCE COMPANY, et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>16-7094 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

In this action, Plaintiff Trusted Transportation Solutions ("Plaintiff") alleges that Defendants Guarantee Insurance Company ("Guarantee"), Patriot Underwriters, Inc. ("Patriot"), Douglas Cook ("Cook"),[1] Brown & Brown of New Jersey, LLC ("Brown & Brown"), and John F. Corbett ("Corbett") misrepresented the terms of a workers' compensation insurance policy that Plaintiff purchased from them. [See generally Docket Item 38.] Pending before the Court is the motion of Brown & Brown and Corbett (collectively, the "Brown & Brown Defendants") to dismiss Counts One through Six and Eight through Ten of the Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), Fed. R. Civ. P.[2] [Docket Item 46.]

---

[1] As discussed, infra, all claims against Guarantee, Patriot, and Cook have been stayed in this action.
[2] Notably, the Brown & Brown Defendants do not seek to dismiss Count VII, which alleges "Negligence/Broker Malpractice."

Plaintiff opposed the motion to dismiss [Docket Item 62], and
the Brown & Brown Defendants filed a reply brief.[3] [Docket Item
64.] The motion is decided without oral argument pursuant to
Rule 78, Fed. R. Civ. P. For the reasons discussed below, the
Brown & Brown Defendants' motion will be granted. The Court
finds as follows:

    1.    **Factual and Procedural Background**.[4] Plaintiff
originally filed a Complaint in New Jersey Superior Court
against Guarantee, Patriot, and Cook (collectively, the "Insurer
Defendants"). Shortly thereafter, the Insurer Defendants removed
the Complaint to federal court. [Docket Item 1.] Plaintiffs
subsequently filed, with leave of the Court, an Amended
Complaint, which added the Brown & Brown Defendants as parties,
along with four new claims (Counts Seven through Ten). [Docket
Item 38.]

    2.    Counts One through Six of the Amended Complaint assert
claims against "all defendants" for: violation of the New Jersey

---

[3] For purposes of deciding this Rule 12(b)(6) motion, the Court will disregard Plaintiff's November 20, 2017 letter and exhibits attached thereto. [Docket Item 66.] See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.").

[4] For purposes of the pending motion, the Court accepts as true the facts set forth in the Amended Complaint, documents explicitly relied upon in the Amended Complaint, and matters of public record. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

2

Consumer Fraud Act (Count One); Common Law Fraud (Count Two); Breach of Contract (Count Three); violation of the Covenant of Good Faith and Fair Dealing (Count Four); Breach of Fiduciary Duty (Count Five); and Conversion (Count Six).[5] [Id. at ¶¶ 38-80.] In support of these claims, Plaintiff alleges that in or about March 2015, "defendants' agents and representatives, including Mr. Cook," (an employee of Patriot), offered Plaintiff the opportunity to participate in a "Large Deductible" Worker's Compensation Program. [Id. at ¶¶ 4-7.] Plaintiff was allegedly told the deductible amount for the program was $250,000, a Loss Fund would be set up with a contribution of $650,000, and that no administrative fees would be taken out of the loss fund. [Id. at ¶¶ 8-11.] Plaintiff signed a Term Sheet and was told the premium would be $303,228.00. [Id. at ¶¶ 17-18.] Plaintiff claims that unnamed "defendants" made unauthorized deductions from the Loss Fund, its premium payment was higher than represented, and some claims may have been improperly paid. [Id. at ¶¶ 21-37.] Plaintiff also claims that it did not execute or receive a 21-page "Program Agreement" referred to on the Term Sheet until June 13, 2016, which was after Plaintiff informed the Insurer Defendants it would not provide another $650,000 for a new Loss Fund around April 3, 2016. [Id. at ¶¶ 29-34.]

---

[5] Notably, and as discussed in more detail below, the Brown & Brown Defendants are neither specifically named nor referenced until Count Seven.

3. Counts Seven through Ten assert claims against only Brown & Brown and Corbett individually and/or jointly and severally for: Negligence/Broker Malpractice (Count Seven); Breach of Fiduciary Duty (Count Eight); Breach of Special Relationship (Count Nine); and Common Law Fraud (Count Ten). [Id. at ¶¶ 81-106.] Specifically, Plaintiff alleges that Brown & Brown and Corbett, an employee of Brown & Brown, made misrepresentations while assisting Plaintiff in obtaining worker's compensation insurance and failed to exercise reasonable care and fully investigate the proposal provided by the Insurer Defendants. [Id. at ¶¶ 82-89.] Plaintiff also claims that the Brown & Brown Defendants obtained the Program Agreement from the Insurer Defendants but failed to provide the Program Agreement or disclose the terms of the Program Agreement to Plaintiff. [Id. at ¶ 105(d)-(e).]

4. On November 27, 2017 a Consent Order was filed in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, thereby staying all judicial actions against Guarantee. [Docket Item 68.] Several months later, Patriot filed a Voluntary Petition for Chapter 11 Bankruptcy. [Docket Item 77.] Plaintiff's claims against Guarantee, Patriot, and Cook were automatically stayed in this matter. [See Docket Item 83 at 4 n.3; see also Docket Items 68 & 71.] The Brown & Brown Defendants then filed a letter application requesting that the

Court stay the entire case [Docket Item 75], which, after extensive briefing and oral argument, Magistrate Judge Schneider denied in an 18-page Memorandum Opinion and Order. [Docket Item 83.]

5. The Brown & Brown Defendants have moved to dismiss all claims against them, except those alleged in Count Seven, for failure to state a claim upon which relief can be granted. [Docket Item 46.] This motion is now fully briefed and ripe for decision.[6]

6. **Standard of Review**. Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

7. A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded

---

[6] The Court exercises jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 1441(b).

allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

8. In addition, Rule 9(b), Fed. R. Civ. P., imposes a heightened pleading standard on fraud-based claims, requiring a party to "state the circumstances constituting fraud with particularity." Klein v. Gen. Nutrition Companies, Inc., 186 F.3d 338, 344 (3d Cir. 1999). To satisfy this standard, the plaintiff must "plead the date, time, and place of the alleged fraud, or otherwise inject precision into the allegations by some alternative means." In re Riddell Concussion Reduction Litig., 77 F.Supp.3d 422, 433 (D.N.J. 2015). This requirement is intended "to place the defendants on notice of the precise misconduct with which they are charged." Seville Indus. Mach.

Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).

9. **Discussion**. The Brown & Brown Defendants argue that all of Plaintiff's claims asserted against them in the Amended Complaint, except for those alleged in Count Seven, should be dismissed for failure to state a claim upon which relief can be granted. As discussed next, Plaintiff does not address Brown & Brown's argument that Counts One through Six do not state a claim upon which relief can be granted against them, but otherwise opposes the Brown & Brown Defendants' motion. For the following reasons, the Court will grant the Brown & Brown Defendants' motion to dismiss.

10. <u>Claims Against "All Defendants" (Counts One Through Six)</u>. The Brown & Brown Defendants first argue that Counts One though Six should be dismissed against them because Plaintiff has not pled any facts as to Brown & Brown or Corbett in any of those Counts. (Def. Br. at 5-6.) Plaintiff did not respond to this argument in its opposition papers. The Court deems Plaintiff's opposition waived and will dismiss these claims against the Brown & Brown Defendants, but not the Insurer Defendants, with prejudice, for the reasons discussed below.

11. Neither Brown & Brown nor Corbett are mentioned anywhere in the Amended Complaint until Count Seven. (<u>See</u> Am. Compl. at ¶¶ 82-83.) In an effort to resolve ambiguity within

7

the Amended Complaint "without the need to resort to motion practice," counsel for the Brown & Brown Defendants conferred with Plaintiff's attorney who apparently agreed that Counts One through Six were not directed at the Brown & Brown Defendants but nonetheless refused to replead the Amended Complaint. (Def. Br. at 5.) The Brown & Brown Defendants subsequently moved to dismiss Counts One through Six "as a formality." (Id.)

12. The Court initially notes that, notwithstanding the fact that Counts One though Six reference "all defendants," none of the allegations in those counts appear to be directed at the Brown & Brown Defendants who, as noted supra, are named for the first time in the Amended Complaint in Paragraphs 82 and 83 of Count Seven. In fact, Counts One through Six of the Amended Complaint are essentially identical to Counts One through Six of the original Complaint, which Plaintiff filed against only the Insurer Defendants and before the Brown & Brown Defendants were added as a party in this action. [Compare Docket Item 1-1 at ¶¶ 1-80, with Docket Item 38 at ¶¶ 1-80.]

13. More importantly, in its opposition papers Plaintiff did not dispute or even address any of the Brown & Brown Defendants' arguments with respect to dismissal of Counts One through Six. Plaintiff's opposition to dismissal of these counts is, therefore, deemed waived. See Anspach v. City of Phila., 503 F.3d 256, 259 n.1 (3d Cir. 2007). For all of these reasons, the

Court will dismiss Counts One through Six against the Brown & Brown Defendants with prejudice.[7]

14. <u>Breach of Fiduciary Duty (Count Eight)</u>. The Brown & Brown Defendants next argue that Count Eight should be dismissed because, under New Jersey law, there is no separate cause of action for "breach of fiduciary duty" against an insurance broker; rather, such claims are incorporated into the State's "broker negligence" cause of action. (Def. Br. at 6-7.) Plaintiff, in turn, cites three New Jersey cases, discussed in turn below, which refer generally to a "fiduciary duty of care" owed by insurance brokers to insureds, and argues "none of these courts dismissed a claim for breach of fiduciary duty as being redundant." (Pl. Opp. Br. at 6-7). The Court finds that New Jersey law does not recognize a separate cause of action for "breach of fiduciary duty" and will dismiss Count Eight.

15. In <u>President v. Jenkins</u>, an insured party alleged that an insurance broker was "professionally negligent in breaching its duty to procure insurance adequate to meet his needs." 814 A.2d 1173, 1185 (N.J. Super. Ct. App. Div. 2003), <u>aff'd in part and rev'd in part</u>, 180 N.J. 550 (2004). Within this context, the Appellate Division of the New Jersey Superior Court observed that, "[w]ithout question, insurance brokers and agents owe a

---

[7] Counts One through Six remain against the Insurer Defendants in the event the stay is eventually lifted against them.

fiduciary duty of care to insureds." President, 814 A.2d at 1185 (emphasis added). The Court then explained that a broker may be liable for breach of that duty: "(1) if the broker neglects to procure the insurance, (2) the policy is void, (3) if the policy is materially deficient, or (4) the policy does not provide coverage he undertook to supply." Id. (internal quotation marks and citations omitted). Ultimately, the Court held that the insurance broker did not breach any legal duty owed to the insured because "there was no evidence from which a jury could reasonably conclude that the gap in [the insured's] insurance coverage for claims arising from the events [at issue] was attributable to [the insurance broker's] failure to exercise the requisite skill and diligence." Id. at 1186. In other words, the President Court found that there was no evidence from which a reasonable jury could conclude that the insurance broker had committed broker negligence.

16. New Jersey federal courts have twice looked to President for guidance in applying the duties owed by an insurance broker to an insured. In Knaus v. Scottrade, Inc., Judge Salas cited President for the proposition that "[b]roker negligence is recognized as a claim in the insurance context." 2016 WL 1222268, at *3 (D.N.J. Mar. 28, 2016). In Moreira v. Peixoto, 2009 WL 4609842, at *4 (D.N.J. Nov. 25, 2009), Judge Greenaway reasoned that "[o]n the issue of broker negligence,

[President] is instructive." Both cases cite President in the context of a broker negligence claim, and neither mention any separate cause of action for "breach of fiduciary duty" against an insurance broker.

17. Notwithstanding that these three cases refer generally to a "fiduciary duty of care" owed by insurance brokers to insureds, Plaintiff provides no support for the notion that, under New Jersey law, there is a separate cause of action for "breach of fiduciary duty" against an insurance broker. Instead, as the cases above strongly indicate, the sole duty of care owed by an insurance broker to an insured is to refrain from engaging in conduct giving rise to a claim for broker malpractice. To the extent an insurance broker owes a "fiduciary duty" to an insured, such duty arises only in the context of a broker malpractice and/or negligence claim. See Triarsi v. BSC Group Serv., LLC, 27 A.3d 202, 208 (N.J. Super. Ct. App. Div. 2011) (analyzing count alleging breach of fiduciary duty and another alleging broker malpractice and finding that "as a matter of law, there is actually a single duty and it is essentially one sounding in negligence."). In other words, a broker's breach of fiduciary duty amounts to a breach of a standard of professional performance owed by the broker to its client, actionable as professional malpractice. Plaintiff brought such a claim in Count Seven, which the Brown & Brown Defendants did not move to

dismiss, and which will remain in the case for Plaintiff to pursue. Count Eight, on the other hand, will be dismissed with prejudice for the reasons explained above.

18. <u>Breach of Special Relationship (Count Nine)</u>. The Brown & Brown Defendants also argue that Count Nine should be dismissed because Plaintiff fails to allege any facts in support of its claim that a "special relationship" existed between the parties beyond the typical agent-insured relationship. (Def. Br. at 7-9). Plaintiff counters that this count should not be dismissed due to pleading deficiencies "[g]iven the minimal requirements of notice pleading, and since the amended complaint includes adequate notice of the claim." (Pl. Opp. Br. at 7.) The Court finds that Count Nine does not adequately allege a "special relationship" between Plaintiff and the Brown & Brown Defendants beyond the typical broker-client relationship, and will dismiss this Count without prejudice.

19. To be sure, New Jersey law recognizes certain circumstances where an insurance broker assumes duties beyond those typically associated with the agent-insured relationship (<u>i.e.</u>, a "special relationship"). <u>Triarsi</u>, 27 A.3d at 209 (citing <u>Glezerman v. Columbian Mut. Life Ins. Co.</u>, 944 F.2d 146, 150-51 (3d Cir. 1991)). In these circumstances, an insurance broker may be liable for breach of a "special relationship" where the broker "assumed duties in addition to those normally

associated with the agent-insurance relationship by conduct that invited plaintiff's detrimental reliance." Triarsi, 27 A.3d at 210 (internal quotation marks and citation omitted); see also Glezerman, 944 F.2d at 150 ("[T]he client must establish 'something more' than a broker-client relationship in order to impose a heightened standard of care on a broker."). "This claim does not require proof of a deviation from a professional standard of care, but instead depends on proof of the parties' conduct." Triarsi, 27 A.3d at 210 (internal quotation marks and citations omitted).

20. Here, Count Nine of the Amended Complaint contains three short paragraphs, which read, in their entirety:

> 96. Plaintiff repeats the allegations contained in the previous paragraphs.
>
> 97. Brown & Brown and Corbett had a special relationship with plaintiff since they assumed duties in addition to those normally associated with a broker-insured relationship.
>
> 98. Brown & Brown and Corbett breached the special relationship with plaintiff, and as a result, plaintiff suffered and continues to suffer damages.

(Am. Compl.) These allegations amount to a mere restatement of the elements of a breach of special relationship claim, which is not entitled to the assumption of truth at the motion to dismiss stage and would, alone, plainly be insufficient to state a claim upon which relief can be granted. See Burtch v. Milberg Factors,

Inc., 662 F.3d 212, 224 (3d Cir. 2011); see also Connelly v. Lane Constr. Corp., 809 F.3d 780, 786-87 (3d Cir. 2016).

21. Plaintiff argues that other portions of the Amended Complaint, which are incorporated by reference in Count Nine, provide the factual basis for its breach of special relationship claim. (Pl. Opp. Br. at 9.) Plaintiff cites specific allegations in the Amended Complaint that the Brown & Brown Defendants:

- "assisted in obtaining workers' compensation insurance in 2015" (¶ 84);

- "had assisted plaintiff in obtaining workers' compensation insurance in prior years" (¶ 85);
- "made representations to plaintiff regarding a proposal for workers' compensation insurance from [the Insurer Defendants]" (¶ 86);

- "failed to fully investigate the workers' compensation proposal provided by the [Insurer Defendants]" (¶ 89); and

- "obtained the Program Agreement from [the Insurer Defendants], [but] failed to provide the Program Agreement to plaintiff [and] . . . obtained the Program Agreement from [the Insurer Defendants], but failed to disclose the terms of the Program Agreement to plaintiff" (¶ 105)

(Pl. Opp. Br. at 9.) None of these allegations, even if assumed to be true, demonstrate "something more" than a typical broker-client relationship. Glezerman, 944 F.2d at 150. In fact, this is exactly the type of conduct (or misconduct) one might assume would take place between an insurance broker and her client. On these facts, Plaintiff cannot sustain a claim for "breach of a special relationship." Count Nine will be dismissed.

22. Because it is not clear that amendment would be futile in its ability to address the above deficiencies of the present pleading, the Court will dismiss Count Nine without prejudice. Plaintiff may file a motion for leave to file a Second Amended Complaint that plausibly alleges that its relationship with the Brown & Brown Defendants amounted to "something more" than a typical broker-client relationship, and that the Brown & Brown Defendants somehow breached its heightened duty.

23. <u>Common Law Fraud (Count Ten)</u>. Finally, the Brown & Brown Defendants argue that Count Ten fails to state a claim upon which relief can be granted because it does not satisfy the heightened pleading requirements of Rule 9(b), Fed. R. Civ. P. (Def. Br. at 9-10.) Specifically, the Brown & Brown Defendants argue Count Ten "merely rehashes the same alleged misrepresentations Defendant Douglas Cook [of Patriot] purportedly made to Trusted Transportation at a March 2015 meeting." (<u>Id.</u> at 9.) Plaintiff argues that the Brown & Brown Defendants' brief "misrepresents the allegations in the complaint," and that Count Ten satisfies Rule 9(b). The Court finds Count Ten does not state with sufficient particularity the circumstances constituting fraud by the Brown & Brown Defendants in this case, as required under Rule 9(b).

24. In Count Ten, Plaintiff asserts generally that "Brown & Brown and Corbett misrepresented key facts about the workers'

15

compensation policy being offered to plaintiff" (Am. Compl. at ¶ 100), which "include, but are not limited to":

>   a.  That the funding of the Loss Fund with $650,000.00 was a one time contribution. Plaintiff was told that at the end of the year, amounts that had been paid out would have to be replenished.
>
>   b.  That the money in the Loss Fund would be used only for the payment of claims, not administrative expenses or claims expenses.
>
>   c.  That the premium for the insurance program would be based upon a rate of $5.32 per $100.00. [sic] of payroll.
>
>   d.  After Brown & Brown and Corbett obtained the Program Agreement from [the Insurer Defendants], they failed to provide the Program Agreement to plaintiff.
>
>   e.  After Brown & Brown and Corbett obtained the Program Agreement from [the Insurer Defendants], they failed to disclose the terms of the Program Agreement to plaintiff.

(Id. at ¶ 105.)

25. To state a claim for fraud under New Jersey law, a plaintiff must allege: (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage. Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007) (citing Gennari v. Weichert Co. Realtors, 148 N.J. 582 (1997)). Further, a plaintiff alleging fraud must satisfy the heightened pleading requirement of Rule 9(b), which requires the plaintiff

16

to "state with <u>particularity</u> the circumstances constituting fraud." Rule 9(b), Fed. R. Civ. P (emphasis added). The level of particularity required is sufficient details to put defendants on notice of the "precise misconduct with which they are charged." <u>Seville Indus. Machinery Corp.</u>, 742 F.2d at 791. This requires a plaintiff to "plead the date, time, and place of the alleged fraud, or otherwise inject precision into the allegations by some alternative means." <u>In re Riddell Concussion Reduction Litig.</u>, 77 F.Supp.3d at 433.

26. Here, Plaintiff's allegations clearly lack the particularity required by Rule 9(b). First, Plaintiff does not identify who, besides Corbett, at Brown & Brown made the alleged misrepresentations or omissions to Plaintiff, and how these alleged misrepresentations or omissions are different from those alleged against Cook (of Patriot) in Paragraphs 46(a)-(c) of the Amended Complaint. Second, Plaintiff does not specify the date of the alleged fraud. Third, Plaintiff does not allege how, if at all, any of the alleged misrepresentations or omissions were intended to induce Plaintiff to act. Finally, Plaintiff does not detail its alleged damages. Simply, Plaintiff has fallen well short of meeting Rule 9(b)'s heightened pleading requirement.

27. For these reasons, the Court will grant Defendants' motion to dismiss Count Ten of the Amended Complaint. As with Count Nine, the Court will dismiss Count Ten without prejudice.

Plaintiff may file a motion for leave to file a Second Amended Complaint that pleads with more particularity the "date, time, and place of the alleged fraud, or otherwise inject precision into the allegations by some alternative means." In re Riddell Concussion Reduction Litig., 77 F.Supp.3d at 433.

28. **Conclusion.** For the foregoing reasons, the Court will grant the Brown & Brown Defendants' motion to dismiss. Counts One through Six and Eight will be dismissed with prejudice, while Counts Nine and Ten will be dismissed without prejudice. Plaintiff may file a motion for leave to amend the Amended Complaint to address the deficiencies noted herein in Counts Nine and Ten only, within thirty (30) days from the entry of this Memorandum Opinion and Order upon the docket. An accompanying Order shall be entered.

| | |
|---|---|
| **June 8, 2018** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | U.S. District Judge |