UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTED TRANSPORTATION SOLUTIONS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>GUARANTEE INSURANCE COMPANY, et al.,<br><br>      Defendants. | 1:16-cv-7094-NLH-JS<br><br>**MEMORANDUM OPINION** |

**APPEARANCES:**
WILLIAM B. IGOE
CASEY GENE WATKINS
BALLARD SPAHR LLP
210 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002

    *On behalf of Plaintiff*

CHRISTINA M. RIEKER
LARRY C. GREEN, JR.
ANDREW N. JANOF
WINGET, SPADAFORA & SCHWARTZENBERG LLP
2500 PLAZA 5
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NEW JERSEY 07311

    *On behalf of Defendants*

**Hillman, District Judge,**

    This matter comes before the Court on Plaintiff Trusted Transportation Solutions, Inc.'s Appeal (Docket Item 137) of Magistrate Judge Joel Schneider's September 12, 2018 Order (Docket Item 109) denying Plaintiff's Motion for Leave to File a

Second Amended Complaint (Docket Item 88).  The Court will affirm Judge Schneider's Order because it was neither clearly erroneous nor contrary to law.

**BACKGROUND**

This action arises from the alleged misrepresentation by Defendants Guarantee Insurance Company ("Guarantee"), Patriot Underwriters, Inc. ("Patriot"), Douglas Cook ("Cook"), Brown & Brown of New Jersey, LLC ("Brown & Brown"), and John F. Corbett ("Corbett") of the terms of a workers' compensation insurance policy that Plaintiff purchased from them.  (See generally Docket Item 38.)

Plaintiff originally filed a Complaint in New Jersey Superior Court in Camden County against Guarantee, Patriot, and Cook (collectively, the "Insurer Defendants"), who shortly thereafter removed the Complaint to this Court.  (Docket Item 1.)  Plaintiff later filed, with the Court's permission, an Amended Complaint, which added Defendants Brown & Brown and Corbett (collectively, the "Brown & Brown Defendants"), along with four new claims.  (Docket Item 38.)  The new claims included Counts IX and X, which alleged breach of a special relationship and common law fraud, respectively.  (Id.)  The Brown & Brown Defendants then filed a Motion to Dismiss Counts I through VI and VIII through X of the Amended Complaint for

failure to state a claim upon which relief can be granted. (Docket Item 46.)

In a June 11, 2018 Memorandum Opinion, the late Honorable Jerome B. Simandle dismissed Counts I through VI and VII against the Brown & Brown Defendants with prejudice. (Docket Item 85, ¶¶ 13, 17.) Judge Simandle also dismissed Counts IX and X without prejudice. (Id. ¶¶ 22, 27.) In his Memorandum Opinion, Judge Simandle pointed out several deficiencies relating to Counts IX and X of the Amended Complaint. (See id. ¶¶ 18-27.)

On July 11, 2018, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (Docket Item 88.) On September 7, 2018, Judge Schneider held oral argument and ruled against the motion on the record. (Docket Item 110 at 35.) On September 12, 2018, Judge Schneider memorialized that ruling in a written Order. (Docket Item 109.) On September 21, 2018, Plaintiff filed a Motion for Reconsideration solely as to its request to amend Count X. (Docket Item 111.) On January 14, 2019, Judge Schneider issued an Order denying Plaintiff's Motion for Reconsideration. (Docket Item 134.)

In his January 14, 2019 Order, Judge Schneider found that Plaintiff's Proposed Second Amended Complaint "did not cure the deficiencies noted in Judge Simandle's Memorandum Opinion" of June 11, 2018, and that "[P]laintiff's conclusory allegations [were] not supported by pleaded facts that plausibly show fraud

3

was committed." (Id. at 4 (quoting transcript).) Judge Schneider found that "Plaintiff's proposed fraud claim [was] replete with conclusory allegations that are not supported by well pleaded facts." (Id. at 5.) Judge Schneider noted that, "[e]ven after the completion of all fact discovery, [P]laintiff did not plead sufficient facts, as opposed to conclusory allegations, to plausibly show that fraud was committed." (Id. at 7.) Therefore, Judge Schneider denied Plaintiff's Motion for Reconsideration. (Id.)

On January 28, 2019, Plaintiff filed the present Appeal pursuant to FED. R. CIV. P. 72(a) and L. CIV. R. 72. (Docket Item 137.) Plaintiff argues that its Proposed Second Amended Complaint met Rule 9(b)'s pleading requirements for an alleged fraud. (Docket Item 137-2 at 10.) Plaintiff asserts that its Proposed Second Amended Complaint "identified with specificity each misrepresentation or omission made by Mr. Corbett; when he made each of them; whether he made them verbally or in writing; and what they induced [Plaintiff] to do." (Id. (footnote omitted).) Plaintiff further argues that the Proposed Second Amended Complaint specifically identified both the damages suffered by Plaintiff as a result of the alleged fraud and the motivation for the alleged fraud. (Id. at 11.) Resultingly, Plaintiff asserts that Judge Schneider erred in denying Plaintiff's Motion for Leave to File a Second Amended Complaint

4

on the basis that the Proposed Second Amended Complaint did not satisfy F́ED. R. C̀IV. P. 9(b). (Id.)

Brown & Brown Defendants oppose this appeal. (Docket Item 141.) They argue that Judge Schneider properly applied the relevant legal standards and that his conclusion that the Proposed Second Amended Complaint contained mere conclusory allegations was accurate. (Id.) Plaintiff timely filed a reply brief. (Docket Item 143.)

**STANDARD OF REVIEW**

When a magistrate judge decides a non-dispositive motion, the "district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1120 (3d Cir. 1986); see also L. Civ. R. 72.1(c)(A)(1) ("A Judge shall consider the appeal . . . and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").

A magistrate judge's ruling is clearly erroneous when "although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (quoting Dome Petroleum Ltd. v. Emp'rs Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990); United States

5

v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A ruling is contrary to law if "the magistrate judge has misinterpreted or misapplied applicable law." Id. The mere fact that the reviewing court "might have decided the matter differently" is insufficient to justify the reversal of the magistrate judge's decision. Mendez v. Avis Budget Grp., Inc., No. 11-6537, 2018 WL 4676039, at *2 (D.N.J. Sept. 28, 2018) (quoting Wortman v. Beglin, No. 03-495, 2007 WL 2375057, at *2 (D.N.J. Aug. 16, 2007)).

**DISCUSSION**

Judge Schneider correctly identified and applied the relevant legal rules. Rule 15(a)(2) states that a "court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). However, that is not the only rule that the Court in this case had to consider. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). Particularity requires that the plaintiff plead sufficient details such that the defendants are on notice of the "precise misconduct with which they are charged." Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). Under this standard, a plaintiff must "plead the date, time, and place of the alleged fraud, or otherwise inject precision into the allegations by some alternative means." Grant v. Turner, 505

6

Fed. App'x 107, 111 (3d Cir. 2012). Mere possibility of the allegations is insufficient; they must be plausible. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Making this determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

Judge Schneider heard oral arguments in addition to considering the parties' briefs about the Proposed Second Amended Complaint. His detailed knowledge of the issue between the parties warrants high deference from the Court, which reviews the decision solely on the cold record. In the present case, Judge Schneider's denial of Plaintiff's Motion for Leave to Amend was neither clearly erroneous nor contrary to law.

In both his decision on the record and his written Order, Judge Schneider reasonably concluded that Count X of the Proposed Second Amended Complaint did not satisfy Rule 9(b). Judge Schneider specifically pointed to paragraphs 106, 124, 128, 132, 133, 134, and 137 of the Proposed Second Amended Complaint as examples of Plaintiff's "deficient allegations." (Docket Item 110 at 36-37.) Judge Schneider "dr[e]w on [his]

7

judicial experience and common sense" to analyze those paragraphs as part of the "context-specific task" of determining plausibility.  See Iqbal, 556 U.S. at 679.  As a result, Judge Schneider reasonably concluded that "[P]laintiff's conclusory allegations are not supported by pleaded facts that plausibly show fraud was committed."  (Docket Item 110 at 36.)

Plaintiff argues that Judge Schneider failed to adequately address certain allegations made in the Proposed Second Amended Complaint.  The Court is unconvinced by Plaintiff's argument.  Judge Schneider listed the above paragraphs as examples of deficiencies with the Proposed Second Amended Complaint, but not as the sole basis for denying the motion for reconsideration.  Judge Schneider also referred to Plaintiff's allegations surrounding the Brown & Brown Defendants' "motive and opportunity to commit fraud."  (See id. at 37.)  Judge Schneider found it "noteworthy that there is not a citation to one line of deposition testimony in [P]laintiff's proposed amended complaint," despite discovery already having been completed at the time of its filing.  (Id.)  This, as noted above, was all part of Judge Schneider's "context-specific task" of determining plausibility, which also included hearing oral argument.  Therefore, the Court holds that Judge Schneider's denial of Plaintiff's Motion for Leave to File a Second Amended Complaint was neither clearly erroneous nor contrary to law.

**CONCLUSION**

In light of the foregoing, the Court will affirm Judge Schneider's September 12, 2018 Order denying Plaintiff's Motion for Leave to File a Second Amended Complaint.

September 25, 2019  s/Noel L. Hillman
Date  NOEL L. HILLMAN
At Camden, New Jersey  United States District Judge