## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____

TRUSTED TRANSPORTATION
SOLUTIONS, LLC,

        Plaintiff,

    v.

GUARANTEE INSURANCE COMPANY,
et al.,

        Defendants.

_____

1:16-cv-7094-NLH-JS

**OPINION**

**APPEARANCES:**
WILLIAM B. IGOE
CASEY GENE WATKINS
WILLIAM J. DESANTIS
BALLARD SPAHR LLP
210 LAKE DRIVE EAST
SUITE 200
CHERRY HILL, NJ 08002

    _On behalf of Plaintiff_

CHRISTINA M. RIEKER
LARRY C. GREEN, JR.
ANDREW N. JANOF
WINGET, SPADAFORA & SCHWARTZENBERG LLP
2500 PLAZA 5
HARBORSIDE FINANCIAL CENTER
JERSEY CITY, NEW JERSEY 07311

    _On behalf of Defendants_

**HILLMAN**, District Judge,

    This matter comes before the Court on the Motion for

Clarification [Docket No. 164] brought by Defendants Brown &

Brown of New Jersey ("Brown and Brown") and John F. Corbett

("Corbett" and collectively "Defendants") with respect to the Court's September 27, 2019 Opinion [Docket No. 158] and Order [Docket No. 159] denying summary judgment to both Defendants and Plaintiff Trusted Transportation Solutions ("Plaintiff").  In essence, Defendants are asking the Court to rule on whether Plaintiff is precluded from seeking disgorgement and punitive damages as a matter of law.  The Court will grant Defendants' motion and, for the reasons expressed below, will hold that Plaintiff is not precluded from seeking disgorgement and punitive damages as a matter of law.

**BACKGROUND**

As this Opinion is written primarily for the parties, the Court will not discuss in detail the facts of this case.[1] Briefly, Plaintiff alleges that Defendants misrepresented the terms of a workers' compensation insurance policy that Plaintiff purchased through Defendants.  [See generally Docket No. 38.[2]] On September 27, 2019, the Court denied Defendants' Motion for

_____

[1] A more complete version of the relevant facts can be found in the September 29, 2019 Opinion.  [Docket No. 158.]

[2] The Court notes that there are two separate docket items that appear to be the operative Amended Complaint.  [See Docket Nos. 35, 38.]  The Court further notes that those two Amended Complaints appear to be identical.  In the interest of clarity, the Court will cite only to Docket No. 38 when referring to the operative Amended Complaint.

Summary Judgment and Plaintiff's Cross-Motion for Summary Judgment.  [Docket No. 159.]  In its Opinion, the Court did not address the parties' arguments about the viability of Plaintiff's assertions that it is entitled to disgorgement and punitive damages.  [See Docket No. 158, at 23 n.6.]  The Court now takes the opportunity to clarify that issue.

## DISCUSSION

### A.    Subject Matter Jurisdiction

The Court has jurisdiction over Plaintiff's claims under 18 U.S.C. § 1332, as the requirements of diversity are met.[3]

### B.    Standard for Motion for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any,' . . . demonstrate the absence of a genuine issue of material fact" and that the moving party is entitled to

---

[3] Plaintiff Trusted Transportation Solutions, LLC is a limited liability company whose sole member is a citizen of New Jersey. Defendant Guarantee Insurance Company is a corporation incorporated in and with its principal place of business in Florida.  Defendant Patriot Underwriters, Inc., is a corporation incorporated in Delaware with its principal place of business in Florida.  Defendant Douglas Cook is a citizen of Pennsylvania. Defendant Brown & Brown of New Jersey, LLC is a limited liability company whose sole member is a corporation incorporated in and with its principal place of business in Florida.  Defendant John F. Corbett is a citizen of Delaware.

judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S.

317, 322-23 (1986) (quoting FED. R. CIV. P. 56).

An issue is "genuine" if it is supported by evidence such

that a reasonable jury could return a verdict in the nonmoving

party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

248 (1986).  A fact is "material" if, under the governing

substantive law, a dispute about the fact might affect the

outcome of the suit.  Id.  "In considering a motion for summary

judgment, a district court may not make credibility

determinations or engage in any weighing of the evidence;

instead, the non-moving party's evidence 'is to be believed and

all justifiable inferences are to be drawn in his favor.'"

Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)

(quoting Anderson, 477 U.S. at 255).

Initially, the moving party bears the burden of

demonstrating the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment

always bears the initial responsibility of informing the

district court of the basis for its motion, and identifying

those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence

of a genuine issue of material fact."); see Singletary v. Pa.

4

Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." (quoting Celotex, 477 U.S. at 325)).

Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. A "party opposing summary judgment 'may not rest upon the mere allegations or denials of the . . . pleading[s].'" Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). For "the non-moving party[] to prevail, [that party] must 'make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Cooper v. Sniezek, 418 F. App'x 56, 58 (3d Cir. 2011) (quoting Celotex, 477 U.S. at 322). Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 257.

**C.   Disgorgement**

Defendants first seek a ruling that Plaintiff is precluded from recovering disgorgement as a form of damages in this case. New Jersey Supreme Court precedent indicates that disgorgement and unjust enrichment are two names for the same doctrine.  See Cty. of Essex v. First Union Nat'l Bank, 891 A.2d 600 (N.J. 2006) (repeatedly using the phrase "unjust enrichment/disgorgement"); see also Iliadis v. Wal-Mart Stores, Inc., 922 A.2d 710, 723 (N.J. 2007) (using unjust enrichment standard to analyze whether disgorgement would be appropriate). A successful unjust enrichment/disgorgement claim requires that the plaintiff "show both that defendant received a benefit and that retention of that benefit without payment would be unjust." Iliadis, 922 A.2d at 723 (quoting VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994)).  The plaintiff must also "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."  Id. (quoting VRG Corp., 641 A.2d at 526).

Here, it cannot be disputed that Defendants received a benefit from Plaintiff in the form of $45,465.00 in commissions paid to Defendants. [Docket No. 158, at 20.]  The issue, then, is whether it would be unjust for Defendants to retain that

6

benefit.  Put another way, the issue is whether Plaintiff expected but did not receive remuneration from Defendants such that Defendants were enriched beyond their contractual rights.

Defendants argue that, as a matter of law in New Jersey, "a plaintiff may not seek disgorgement where it received the product or service at issue and reaped some value therefrom." [Docket No. 153, at 22.]  Defendants point to two cases to support this argument.  The first case, In re Cheerios Marketing and Sales Practices Litigation, involved Cheerios consumers who were suing Cheerios for allegedly making false statements about the health benefits of Cheerios.  Civil Action No. 09-cv-2413, 2012 WL 3952069, at *1 (D.N.J. Sept. 10, 2012).

In Cheerios, the plaintiffs could not satisfy the second prong of the unjust enrichment/disgorgement test because they could not show that they "received a product that failed to work for its intended purpose or was worth objectively less."  Id. (quoting Koronthaly v. L'Oreal USA, Inc., 374 F. App'x 257, 259 (3d Cir. 2010)).  Rather, the Court noted that "[h]ealthy ingredients, crunchiness, convenience and taste are value components" that the plaintiffs received with the Cheerios that they purchased.  Id.  In sum, the Court held that "[u]njust enrichment is not a viable theory — and disgorgement is therefore not available — in circumstances in which a consumer

purchases specific goods and receives those same specific goods." Id.

The second case that Defendants rely on is Hoffman v. Cogent Solutions Group, LLC. Civil Action No. 13-00079, 2013 WL 6623890 (D.N.J. Dec. 16, 2013). In that case, the Court quoted the standard set forth in Cheerios and held that, since the plaintiff could "not articulate how" the product he purchased and received "failed to function as advertised," disgorgement was not available. Id. at *5.

Plaintiff responds to Defendants' argument by asserting that Cheerios and Hoffman are inapposite here because they concern issues with consumer goods (Cheerios and a dietary supplement, respectively), whereas this case is about alleged professional malpractice. [Docket No. 147-1, at 28-29.] Plaintiff argues that the malpractice alleged here is analogous to legal malpractice, about which the New Jersey Supreme Court has noted: "Ordinarily, an attorney may not collect attorney fees for services negligently performed." Saffer v. Willoughby, 670 A.2d 527, 534 (N.J. 1996). Plaintiff also cites an unpublished New Jersey case in which the Court held that, "if malpractice could be proven, disgorgement would constitute an appropriate basis for recovery." Geyer v. Pitney, Hardin, Kipp & Szuch, Docket No. L-2680-03, 2008 WL 1721883, at *18 (N.J.

8

Super. Ct. App. Div. Apr. 15, 2008).

The goods-services dichotomy, while an interesting take on the issue before the Court, is not dispositive.  The parties, perhaps optimistically, interpret the cases upon which they rely to create hard and fast rules that support their respective positions.  But whether disgorgement is available turns less on whether a product or service is at issue and more on whether the <u>Iliades</u> test outlined above has been met.

Given the facts of this case, a reasonable jury could find that Defendants' retention of the commission fees would be unjust.  As discussed in the September 27, 2019 Opinion, if a jury were to believe Plaintiff's version of events, it could find "that Defendants at best had inadequate knowledge about the policy and <u>at worst actively mischaracterized the policy to Plaintiff</u>." [Docket No. 158, at 14 (emphasis added).]  The jury could then conclude that Plaintiff "received a product that failed to work for its intended purpose or was worth objectively less." See <u>Koronthaly</u>, 374 F. App'x at 259.  This would be sufficient to satisfy the second prong of an unjust enrichment/disgorgement claim, the first prong of which is indisputably met here.  Therefore, because a reasonable jury could find that Plaintiff is entitled to disgorgement, the Court will hold that Plaintiff is not precluded at this stage from

seeking disgorgement.

    **D.   Punitive Damages**

    Defendants also argue that Plaintiff is precluded from seeking punitive damages here.  Under New Jersey law,

> [p]unitive damages may be awarded to the plaintiff
> only if the plaintiff proves, by clear and convincing
> evidence, that the harm suffered was the result of the
> defendant's acts or omissions, and such acts or
> omissions were actuated by actual malice or
> accompanied by a wanton and willful disregard of
> persons who foreseeably might be harmed by those acts
> or omissions.  This burden of proof may not be
> satisfied by proof of any degree of negligence
> including gross negligence.

N.J. STAT. ANN. § 2A:15-5.12(a).  "'Actual malice' means an intentional wrongdoing in the sense of an evil-minded act." Id. § 2A:15-5.10.  "'Wanton and willful disregard' means a deliberate act or omission with knowledge of a high degree of probability of harm to another and reckless indifference to the consequences of such act or omission." Id.

    Defendants point out the language that the "burden of proof" required for punitive damages "may not be satisfied by proof of any degree of negligence including gross negligence." [Docket No. 164-1, at 3 (quoting N.J. STAT. ANN. § 2A:15-5.12(a)).]  They argue that the only way to accomplish this is by proving an intentional tort, which is impossible here because Plaintiff's fraud claim has already been dismissed and only a negligence claim remains.  [Id.]

The Court recognizes the apparent incongruity of allowing punitive damages in what appears to be largely a negligence case, as punitive damages are a remedy and not a claim in and of themselves.  Nevertheless, the Court will not grant Defendants' motion for summary judgment on this issue for two reasons. First, although Plaintiff imprecisely denominates its remaining claim as "Negligence/Broker Malpractice," the claim appears to encompass more than mere ordinary negligence and has as an element a breach of fiduciary duty.  [See Docket No. 158, at 12-19.]  As a general rule, punitive damages may be awarded in breach of fiduciary duty cases.  See St. James v. Future Finance, 776 A.2d 849, 874 (N.J. Super. 2001) (upholding award of punitive damages for breach of fiduciary duty claim). Therefore, punitive damages could be warranted in this case if Plaintiff can meet the high burden required to justify them.

Second, although the caselaw on this issue is surprisingly sparse, there is nonbinding authority to support allowing punitive damages even if only negligence claims exist in a case. For instance, in Gillman v. Rakouskas, the plaintiffs' complaint "only state[d] a claim for gross negligence."  2017 U.S. Dist. LEXIS 10835, at ¶ 7 (D.N.J. Jan. 26, 2017).  While the late Honorable Jerome B. Simandle did dismiss the prayer for punitive damages, he did so not because punitive damages could never be

available in such a case, but because the complaint was
"completely devoid of any facts that would allow the Court to
reasonably infer that Defendants acted in a manner that could be
classified as 'actual malice' or a 'wanton or reckless
disregard' for others." Id. ¶¶ 6-8.  In fact, Judge Simandle
permitted the plaintiffs to amend their complaint specifically
so that they could "articulat[e] specific facts supporting a
prayer for punitive damages." Id. ¶ 8.

In Brand Marketing Group LLC v. Intertek Testing Services,
N.A., the Third Circuit, applying Pennsylvania law, addressed
this issue more squarely by holding that "punitive damages may
be awarded in negligence cases if the plaintiff proves greater
culpability than ordinary negligence at trial." 801 F.3d 347,
358 (3d Cir. 2015).  In support of this conclusion, the court
approvingly quoted a Pennsylvania Supreme Court case as saying
that

> while a showing of ordinary negligence cannot support
> a punitive damages award, "neither is there anything
> in law or logic to prevent the plaintiff in a case
> sounding in negligence from undertaking the additional
> burden of attempting to prove . . . that the
> defendant's conduct was not only negligent but that
> the conduct was also outrageous," such that it
> warrants punitive damages.

Id. (quoting Hutchinson ex rel. Hutchinson v. Luddy, 870 A.2d
766, 773 (Pa. 2005)).

The Court agrees with the logic implicit in Gillman and

12

explicit in <u>Brand Marketing</u> and, importantly, finds no binding

precedent to contradict that logic.  It is true in this case

that Plaintiff is not required to prove actual malice or wanton

and willful disregard in order to succeed on the issue of

liability.  But that does not make it impossible for Plaintiff

to meet such a standard.  In other words, just because Plaintiff

failed to properly plead its fraud claim earlier on in this

litigation does not mean that it cannot present sufficient

evidence to show that Defendants acted with actual malice or

wanton and willful disregard in proving its negligence claim

that includes an element of breach of a fiduciary duty.

Therefore, Plaintiff will not be precluded from seeking punitive

damages on the basis that the only remaining claim is a

negligence claim.

     Thus, the issue of punitive damages comes down to whether,

viewing the evidence in the light most favorable to Plaintiff

and making all reasonable inferences in its favor, a reasonable

jury could find that Defendants acted with actual malice or

wanton and willful disregard.  This "is a fact-specific inquiry

requiring examination of [Defendants'] intent and knowledge."

<u>Daloisio v. Liberty Mut. Fire Ins. Co.</u>, 754 F. Supp. 2d 707, 710

(D.N.J. 2010).  The New Jersey Punitive Damages Act establishes

a non-exhaustive list of four factors that the trier of fact

13

shall consider in determining whether the defendant acted with

actual malice or wanton and willful disregard:

> (1) The likelihood, at the relevant time, that
>     serious harm would arise from the defendant's
>     conduct;
> (2) The defendant's awareness of reckless disregard
>     of the likelihood that the serious harm at issue
>     would arise from the defendant's conduct;
> (3) The conduct of the defendant upon learning that
>     its initial conduct would likely cause harm; and
> (4) The duration of the conduct or any concealment of
>     it by the defendant.

N.J. STAT. ANN. § 2A:15-5.12(b).

Accepting Plaintiff's version of events to be true and

making all reasonable inferences in Plaintiff's favor, a

reasonable jury could find that Defendants acted with

actual malice or wanton and willful disregard in this case.

The key fact is whether Defendants actively

mischaracterized the policy to Plaintiff.  If they did so

with the goal of getting Plaintiff to agree to the policy,

in the context of an owed fiduciary duty, then each of the

four factors listed above would cut in favor of an award of

punitive damages.  Under Plaintiff's version of events,

Defendants knew that they were misrepresenting the terms of

the policy, knew that such representation might induce

Plaintiff to agree to the policy, knew that such an

agreement would cause harm to Plaintiff in the form of

excess expenses, concealed accurate information about the

policy, and disregarded the risks of all the above allegations in order to get Plaintiff to agree to the policy.

Determining whether the evidence presented will actually lead a jury to make such a conclusion is not within the province of the Court.  If the proffered proofs fail, Defendant may renew its argument that punitive damages should not be available on the facts of this case at the appropriate time and under the appropriate rule during the upcoming trial process.  Therefore, summary judgment will not be granted on this issue at this time, and Plaintiff will not be precluded as a matter of law from seeking punitive damages on the current record.

<u>CONCLUSION</u>

For the reasons expressed above, the Court will grant Defendants' Motion for Clarification [Docket No. 164] and will hold that Plaintiff is not precluded from seeking disgorgement and punitive damages.

An accompanying Order will be entered.


May 4, 2020                          s/Noel L. Hillman
DATE                                 NOEL L. HILLMAN, U.S.D.J.


15